IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DIMITRI DAVENPORT,

        Petitioner,

    v.

COLLETTE PETERS,

        Respondent.

Case No. 6:22-cv-00015-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County convictions dated March 19, 2010. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

In February 2008, Petitioner was incarcerated at the Oregon State Penitentiary where he was serving a life sentence with a 25- year minimum resulting from a 2002 murder conviction in Linn County. On or about February 14, 2008, he killed a fellow prisoner. As a result, the Marion County Grand Jury indicted him on two counts of Aggravated Murder, and the State declared its intention to seek the death penalty.

Petitioner's attorneys filed a motion to suspend the prosecution, arguing that he lacked fitness to proceed. After Petitioner participated in psychological evaluations coordinated by both the prosecution and the defense, the trial court concluded that Petitioner was ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2002), because his cognitive functioning did not meet the relevant threshold. However, the experts also opined that Petitioner was able to aid and assist in his own defense, and Petitioner's attorneys withdrew their competency motion. Respondent's Exhibit 114, p. 5.

Petitioner elected to plead guilty to both counts of Aggravated Murder. Following a colloquy with Petitioner, the trial judge accepted the plea, merged the convictions for purposes of sentencing, and imposed the State's recommended sentence of life without the possibility of parole. The judge imposed the sentence consecutively to the indeterminate life sentence Petitioner was already serving as a result of the Linn County murder.

Petitioner did not take a direct appeal, and he did not seek post-conviction relief ("PCR") until July 24, 2017, well after the two-year statute of limitations had run for filing the collateral challenge in state court. The State moved for summary judgment, arguing that Petitioner had failed to timely file his PCR Petition. Although Petitioner asserted that circumstances relating to his housing and cognitive functioning prevented him from complying with the two-year statute of limitations, the PCR court found that the record did not support the allegations and granted summary judgment in the State's favor. Respondent's Exhibit 122. The Oregon Court of Appeals affirmed that decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Davenport v. Peters,* 307 Or. App. 500, 475 P.3d 947 (2020), *rev. denied,* 367 Or. 826, 484 P.3d 316 (2021).

Petitioner submitted his Petition for Writ of Habeas Corpus to this Court on December 20, 2021. Respondent asks the Court to dismiss the Petition as untimely because Petitioner allowed 4,264 untolled days to elapse prior to filing the pleading, a figure well in excess of the applicable 365-day statute of limitations. *See* 28 U.S.C. 2244(d)(1)(A) (requiring habeas petitioners to file for relief within one year of the finality of a criminal judgment). Petitioner does not dispute Respondent's calculation, but asks the Court to excuse his untimely filing because extraordinary circumstances beyond his control prevented him from timely filing this case.

## DISCUSSION

I. **Equitable Tolling Standards**

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his

petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The "'extraordinary circumstances beyond a prisoner's control [must] make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). The habeas corpus applicant bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Mental incompetence can support equitable tolling if the incompetence in fact causes a petitioner to fail to meet the AEDPA filing deadline. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). In order to invoke equitable tolling due to mental impairment, the litigant must show that the impairment: (1) was so severe that he was unable to comprehend the need to file his habeas petition on time; and (2) made it impossible to file the petition on time despite his diligence. *Bills v. Clark,* 628 F/3d 1092, 1096 (9th Cir. 2010).

**II.    Analysis**

In August 2012, Oregon Department of Corrections ("ODOC") officials placed Petitioner in a Connecticut prison pursuant to the Interstate Corrections Compact. He claims that the Connecticut prison lacked a dedicated law library and was devoid of legal assistants, thus he could not avail himself of resources he needed to appeal his convictions and file a timely application for habeas corpus relief. He asserts that this impediment was compounded by his life-long history of intellectual disability, including his documented Attention Deficit Hyperactivity Disorder. He maintains that although he acted diligently, these extraordinary circumstances made it impossible for him to timely file this case.

Petitioner characterizes his placement in the poorly-resourced Connecticut prison as the most important impediment to his timely filing. Memo in Support (#33), p. 2. However, his prison placement in Connecticut had no impact on his ability to timely file this case because: (1) as the parties agree, the one-year statute of limitations applicable to this action expired on April 18, 2011; and (2) ODOC officials did not transfer Petitioner from Oregon to Connecticut until August 2012. Petitioner's Exhibit A, ¶ 2 ("After my conviction and sentence were final, I was incarcerated in Oregon until about August 21, 2012.").

To the extent Petitioner argues that his lifelong cognitive limitations, by themselves, justify equitable tolling, the argument is unavailing. It is uncontroverted that he had sufficient mental acuity to aid and assist in his own defense. In addition, several years before his Aggravated Murder convictions in Marion County, he was able to initiate two PCR actions in which he challenged other criminal conduct despite suffering from the same lifelong cognitive impairments he claims prevented him from filing a habeas corpus petition. Respondent's Exhibits 117 & 119. Although he did not file a timely PCR action challenging the judgment at issue in this case, he was still able to file his PCR Petition in 2017 despite being housed in a Connecticut prison that he characterizes as bereft of any meaningful legal resources.[1]

Moreover, according to Petitioner's own Affidavit, he did not pursue any timely challenges to his Aggravated Murder convictions because he believed it would be futile to do so. After his conviction and sentence became final in 2010, and while he was still incarcerated in Oregon, he consulted with a prison legal assistant who "told me I had no chance in such a case" which prompted Petitioner to believe "such an effort was doomed" and that "after pleading guilty

---

[1] According to his Affidavit, Petitioner was able to file his 2017 PCR action with assistance and encouragement from another prisoner from Oregon who was housed in Florida. He began corresponding with that prisoner "in about 2014-2015. He encouraged me to pursue the postconviction case. He also told me that I needed to write to the [Oregon State Penitentiary] law library and request the necessary forms." Petitioner's Exhibit A, ¶ 5. Despite these

5 – OPINION AND ORDER

there was no chance for me." *Id*. None of the foregoing suggests that Petitioner's lifelong mental impairment was so severe and debilitating that it was not possible for him to file this case in a timely manner. To the contrary, it indicates that Petitioner failed to exercise reasonable diligence when he allowed 4,264 untolled days to elapse prior to filing his Petition for Writ of Habeas Corpus. Under these circumstances, equitable tolling is not appropriate.

### III. Evidentiary Hearing

Petitioner makes an alternative request for an evidentiary hearing on the issue of equitable tolling. He claims that, if the Court were to hold such a hearing, he would testify as to the circumstances surrounding his delay in filing this case. He has not, however, identified what those circumstances are, how his live testimony would differ from the Affidavit with which he has already expanded the record, and how his testimony would materially affect the issues already briefed. Because the record is sufficiently developed to resolve the equitable tolling issue, Petitioner's alternative request for an evidentiary hearing is denied. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence."); *see also Rhoades v. Henry*, 638 F.3d 1027, 1052 (9th Cir. 2011).

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that Petitioner

---

conversations, Petitioner waited between two and three years to mail his PCR Petition to Oregon's state courts on July 24, 2017. *Id.*

has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED.

  May 1, 2023                                      /s/ Michael H. Simon
      DATE                                          Michael H. Simon
                                                        United States District Judge